**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

DEBORAH HOLMQUIST, as Personal )
Representative of the Estate of Clifford N. )
Holmquist, )
           )
              Plaintiff, )   Docket No. 1:10-cv-530-GZS
           )
v. )
           )
FARM FAMILY CASUALTY )
INSURANCE COMPANY, )
           )
              Defendant. )

### ORDER ON MOTION FOR SUMMARY JUDGMENT

Before the Court is the Motion for Summary Judgment (Docket # 13) filed by Defendant

Farm Family Casualty Insurance Company. As explained herein, the Court GRANTS

Defendant's Motion.

**I.**      **SUMMARY JUDGMENT STANDARD**

"Summary judgment's role in civil litigation is 'to pierce the pleadings and to assess the

proof in order to see whether there is a genuine need for trial.'" <u>Young v. Wall</u>, C.A. No. 07-

034, 2010 WL 2541053, at \*3 (D. R.I. Jan. 28, 2010) (quoting <u>Garside v. Osco Drug, Inc.</u>, 895

F.2d 46, 50 (1st Cir. 1990)). Generally, a party is entitled to summary judgment if, on the record

before the Court, it appears "that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Here, the parties have presented a joint statement of undisputed material facts. (<u>See</u>

Agreed Statement of Material Facts (Docket # 14) (hereinafter "Joint Statement").) As there is

no material factual dispute between the parties, "this matter is ripe for decision on summary

judgment." <u>Young</u>, 2010 WL 2541053, at \*3; <u>see also</u> <u>Cole v. Maine Dep't of Corrs.</u>, Civ. No.

07-82-B-W, 2009 WL 585796, at *2 (D. Me. March 5, 2009); Barrett Paving Materials, Inc. v. Cont'l Ins. Co., No. Civ. 04-61-BS, 2005 WL 2877742, at *1 (D. Me. Nov. 1, 2005) ("Because all of the facts are established by stipulation…, there are no genuine issues of material fact to prevent judgment from entering on the basis of the pending motion[].").

## II.     UNDISPUTED FACTUAL RECORD

The agreed-upon statement of material facts and attached exhibits reveal the following:

On November 9, 2007, Clifford N. Holmquist was operating a tractor trailer truck within the scope of his employment when his truck left the paved surface of U.S. Route 201 in West Forks Plantation, Maine.  The truck overturned, causing Mr. Holmquist to sustain certain injuries (the "Accident").

On April 30, 2008, Mr. Holmquist filed with the Maine Workers' Compensation Board (the "Board") a Petition for Award of Compensation against his employer, H.O. Bouchard Transportation Company, and its workers' compensation insurer, H.R.H. Northern New England (the "Petition").  Mr. Holmquist's employer and its insurer both contested the Petition, and a hearing was held before a Board hearing officer on July 8, 2008.  At this hearing, Mr. Holmquist provided testimony under oath concerning, inter alia, his description of the Accident.  As relevant here, Mr. Holmquist averred to the involvement of another logging truck in the Accident which did not stop at the scene and whose operator is unknown.  (See Joint Statement Ex. D (Docket # 14-1) (hereinafter "Hr'g Tr.") at PageID #s 62-63 & 67-70.)

The Petition eventually led to a settlement—which was later approved by the Board— resulting in a lump sum payment to Mr. Holmquist in the amount of $75,000.  This settlement also included an agreement of the insurer to waive any lien that it otherwise could have

maintained as against any recovery Mr. Holmquist might obtain from any other person or insurer as a result of the injuries sustained in the Accident.

At the time of the Accident, Defendant Farm Family Casualty Insurance Company ("Defendant" or "Farm Family") provided personal automobile insurance coverage to Mr. Holmquist and his wife, Plaintiff Deborah Holmquist, covering their personal vehicles as well as Uninsured/Underinsured Motorist coverage of $250,000 per person subject to the conditions and exclusions contained within the policy (the "Farm Family Policy"). Specifically, the Farm Family Policy contains the following provision within its "Uninsured Motorists Coverage" section:

> C. "Uninsured Motor Vehicle" means a land motor vehicle or trailer of any type:
> …
> 3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in "bodily injury" without hitting:
> a. You or any "family member";
> b. A vehicle which you or any "family member" are "occupying"; or
> c. "Your covered auto".
>
> If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence which may include the testimony, under oath, of a person making claim under this or any similar coverage.

(Joint Statement Ex. H (Docket # 14-3) (hereinafter "Family Farm UM/UIM Endorsement") at PageID #s 119-120.) On May 21, 2010, Farm Family received a letter (dated May 19, 2010) from Mr. Holmquist's attorney indicating that his client was asserting an uninsured motorist claim as a result of the Accident.

Mr. Holmquist died on October 28, 2010. On December 30, 2010, Plaintiff Deborah Holmquist, as Personal Representative of the Estate of Clifford H. Holmquist, instituted this action to assert a claim for uninsured motorist benefits from Defendant Farm Family for the

injuries and subsequent death of her husband allegedly due to the Accident. Specifically, Plaintiff alleges that the injuries sustained by Mr. Holmquist in the Accident, and his death, were proximately caused by the negligent operation of another vehicle at the accident scene which did not stop at the scene and whose operator is unknown. (See Second Am. Compl. (Docket # 17).)

The parties agree and stipulate that the testimony of Mr. Holmquist at the July 8, 2008 Board hearing, if admissible, is the only competent evidence which could support a finding by the factfinder in this action that the Accident resulted from the negligence of a "hit and run" vehicle as defined within the Farm Family UM/UIM Endorsement.[1]

## III. DISCUSSION

In jointly presenting this record, the parties agree that the determination of whether this case is trialworthy is dependent upon the Court's answer to just one question: Is Mr. Holmquist's July 8, 2008 testimony at his Maine Workers' Compensation Board hearing admissible under any exception to the hearsay rule of the Federal Rules of Evidence?[2] (See Def.'s Mot. for Summ. J. (Docket # 13) at PageID #s 42 & 44; Pl.'s Objection (Docket # 19) at PageID # 140.) Given that Mr. Holmquist—the injured policy holder—died after providing this

---

[1] The parties also agree and stipulate that other evidence of Mr. Holmquist's description of the Accident would be limited to prior consistent statements made significantly after the accident which potentially could be admissible pursuant to Federal Rule of Evidence 801(d)(1) to "rebut an express or implied charge against the declarant of recent fabrication"—but, only if the hearing transcript is first admitted by this Court.

[2] The parties agree that Maine substantive law applies to this dispute. Under Maine law, "[t]o recover pursuant to an uninsured or underinsured vehicle coverage, the insured must prove a legal entitlement to recover from the tortfeasor." Hall v. Patriot Mut. Ins. Co., 942 A.2d 663, 666 (Me. 2007) (citation & internal punctuation omitted). When, as here, the tortfeasor is alleged to have left the scene with or without physical contact with the insured's vehicle, the insured (i.e. Plaintiff) has the additional burden of proving the existence and alleged causal role of the so-called "hit and run vehicle" to recover under the policy. See, e.g., Waycott v. Ne. Ins. Co., 465 A.2d 854, 856 (Me. 1983). Consistent with this caselaw, the Farm Family Policy UM/UIM Endorsement states: "If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence which may include the testimony, under oath, of a person making claim under this or any similar coverage." (Farm Family UM/UIM Endorsement at PageID # 120.)
     Thus, unless Plaintiff can prove with "competent evidence" that the operator of an unidentified hit and run vehicle contributed to the Accident, the parties agree that Plaintiff has no triable issue of fact to survive Defendant's motion for summary judgment or a motion to dismiss at trial pursuant to Federal Rule of Civil Procedure 50(a).

testimony (and before the Plaintiff's Complaint was filed), if the Court's answer to this question is no, the parties agree that Defendant is entitled to summary judgment.  (See id.)

At the July 8, 2008 Board hearing, Mr. Holmquist testified under oath that, while he was proceeding up a hill within the right lane of two lanes heading in his same direction, a truck passed him in the adjacent left lane, "crowding" him and leading him to move farther to the right whereupon he ran off the pavement and overturned his truck.  (Hr'g Tr. at PageID #s 62 & 67; see also Joint Statement ¶5.)  The parties have submitted to the Court three pages of Mr. Holmquist's direct examination (apparently by the same counsel appearing in this action for the Plaintiff) as well as twelve pages of Mr. Holmquist's testimony during the cross-examination by counsel for the workers' compensation insurer.  Defendant concedes that this prior testimony, if deemed admissible, would suffice to create a triable issue of fact.  (See Def.'s Mot. for Summ. J. at PageID # 44.)

As presented by the parties, at play here are Federal Rules of Evidence 804(b)(1),[3] which governs the admissibility of the prior testimony of a witness unavailable to testify at trial, and 807,[4] the "residual" hearsay exception which permits under certain circumstances the

---

[3] Federal Rule of Evidence 804(b)(1) provides, in relevant part, as follows:

> (b) Hearsay exceptions.  The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (1)  Former testimony.  Testimony given as a witness at another hearing of the same or a different proceeding, … if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

[4] Federal Rule of Evidence 807 provides, in relevant part, that:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

introduction of "trustworth[y]" hearsay evidence that does not otherwise fall within any of the enumerated exceptions. The Plaintiff, as the proponent of the hearsay evidence in question, "bears the burden" of establishing admissibility. United States v. Bartelho, 129 F.3d 663, 670 (1st Cir. 1997); see also United States v. Dowdell, 595 F.3d 50, 72 n.18 (1st Cir. 2010) (noting that "our default position seems to be that it would be the party seeking admission" who carries such a burden).

"To admit offered testimony under Rule 804(b)(1), the proponent must satisfy both requirements of the rule: unavailability and similar motive and opportunity to develop the challenged testimony." Bartelho, 129 F.3d at 670 (citing United States v. Salerno, 505 U.S. 317, 321 (1992)); see also Trigones v. Bissonnette, 296 F.3d 1, 7 (1st Cir. 2002). Here, there plainly is no dispute that Mr. Holmquist, now deceased, is unavailable. The parties vigorously dispute, however, that Defendant, who was not a participant in the workers' compensation board hearing, had the necessary "predecessor in interest" with "similar motive to develop" Mr. Holmquist's testimony in the prior proceeding. Defendant argues that neither Mr. Holmquist's employer nor its insurer qualify as Defendant's predecessor in interest because there is no agency relationship, and that in any event, they did not have a similar motive to fully develop facts relating to the alleged hit and run vehicle because liability was not an issue within the prior proceeding. Plaintiff counters that an agency relationship is not necessary to establish that a party qualifies as a predecessor in interest, and that in any event, Mr. Holmquist's employer and its insurer had similar motives to that of Defendant here.

The First Circuit has not explicitly taken the position that an agency relationship is an absolute prerequisite to qualifying as a predecessor in interest. Rather, it has indicated only that, where the parties in the two proceedings differ, there must be "sufficient identity of issues to

ensure that cross examination in the former case was directed to the issues presently relevant, and that the former parties were the same in motive and interest." Hicks Co., Inc. v. Comm'r of Internal Revenue, 470 F.2d 87, 90 (1st Cir. 1972) (citation omitted). In any event, ultimately the determination of whether Mr. Holmquist's employer and its insurer qualify as Defendant's "predecessor in interest" is immaterial, for the Court agrees with Defendant that its motives differ in substantial ways from that of these prior players.

"The party against whom the prior testimony is offered must have had a *similar*, not necessarily an *identical*, motive to develop the adverse testimony in the prior proceeding." Bartelho, 129 F.3d at 671 (quoting United States v. Lombard, 72 F.3d 170, 188 (1st Cir. 1995), cert. denied, 520 U.S. 1266 (1997)). In assessing "similar motive," the Court is to apply a two-part test: "whether the questioner is on the same side of the same issue at both proceedings, and whether the questioner had a substantially similar interest in asserting that side of the issue." Bartelho, 129 F.3d at 671-72 (internal alterations and punctuation omitted) (quoting United States v. DiNapoli, 8 F.3d 909, 912 (2d Cir. 1993) (en banc) (additional citation omitted)). The testimony Plaintiff seeks to establish as admissible hearsay fails to meet either prong of this test.

It is true, as Plaintiff points out, that Defendant has not articulated any specific area of inquiry that it would have explored differently. As Defendant does point out, however, in the current proceeding the contested issue is whether or not a hit-and-run vehicle was involved in the Accident. In other words, Plaintiff is seeking to establish that someone other than Mr. Holmquist was largely, if not entirely, at fault for the accident. By contrast, Maine's workers' compensation statute provides benefits for occupational injuries suffered by an employee regardless of fault. See 39-A M.R.S.A. §103. Thus, as Mr. Holmquist's employer and the workers' compensation insurer did not have available to them the defense that Mr. Holmquist

himself had acted negligently and/or otherwise assumed the risk of injury, there would have been little motivation to explore issues of fault in the prior proceeding (save for perhaps seeking to damage Mr. Holmquist's credibility). Indeed, in the testimony provided to the Court, there is no questioning that truly probes the decedent on how exactly his accident came to be and what role his own negligence might have played. Moreover, as Maine law allows for workers' compensation subrogation, the employer arguably might have been motivated to bolster any testimony by Mr. Holmquist that there was, in fact, a hit and run driver involved in the Accident. See 39-M.R.S.A. §106. In short, the employer and its insurer, far from having a "similar motive" to that of Defendant here, conceivably had precisely the opposite. In short, as the Court finds that Defendant did not have "an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination," Mr. Holmquist's prior testimony is not admissible under Federal Rule of Evidence 804(b)(1).

For the same reasons, the Court also declines Plaintiff's invitation to invoke the so-called catch-all exception to the hearsay rule provided by Federal Rule of Evidence 807. "The residual exception … permits the court to admit a hearsay statement, not made admissible by some explicit exception, which has 'equivalent circumstantial guarantees of trustworthiness.'" United States v. Pagan-Santini, 451 F.3d 258, 264 (1st Cir. 2006). The First Circuit has emphasized that "Congress did not intend for the exception to establish a broad license for trial judges to admit hearsay statements that do not fall within one of the other exceptions or to authorize major judicial revisions of the hearsay rule." United States v. Trenkler, 61 F.3d 45, 59 (1st Cir. 1995) (internal punctuation and citation omitted); see also United States v. Benavente Gomez, 921 F.2d 378, 384 (1st Cir. 1990) ("The residual exception to the hearsay rule is one intended to be used very rarely, and only in exceptional circumstances.") (internal punctuation and citation omitted).

Other than the fact that Mr. Holmquist gave this testimony under oath in a serious legal proceeding, there is nothing in this testimony to guaranty its trustworthiness, especially in light of the fact that he did not face cross-examination on the very issues now most relevant.

In short, the Court concludes that Plaintiff has failed to establish that any exceptions apply and the prior testimony of Mr. Holmquist—which would be offered for its truth at trial—constitutes inadmissible hearsay. As the parties have stipulated that this testimony constitutes the only evidence of liability on the underlying complaint, Defendant is entitled to summary judgment.

## IV.    CONCLUSION

For the reasons explained herein, the Court GRANTS Defendant's Motion for Summary Judgment (Docket # 13). The Court ORDERS judgment be entered in favor of Defendant.

SO ORDERED.

　　　　　　　　　　　　　　　　/s/ George Z. Singal
　　　　　　　　　　　　　　　　United States District Judge

Dated this 15th day of July, 2011.